# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ASHTON E. FITZHERBERT ANDRIES,

      Petitioner,

v.                                                  CV 09-0565 JB/WPL

HASSEL TERRY, Warden,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Petitioner Ashton E. Fitzherbert Andries is a citizen of Guyana.  He has been in the custody of Immigration and Customs Enforcement (ICE) since October 2008.  He is presently housed at the Otero County Processing Center in Chaparral, New Mexico where Respondent Hassel Terry (the Government) is the warden.  Andries has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  He attacks the legality of his detention on the ground that he is not subject to the mandatory detention of criminal aliens pursuant to Immigration and Nationality Act (INA) § 236(c) (codified at 8 U.S.C. § 1226(c)).  (*Id.* at 3.)  He also argues that he should not be in removal proceedings and therefore is not subject to mandatory detention.  (*Id.*)  The Government has filed a Motion to Dismiss.[1]  (Doc. 7.)  For the reasons that follow I recommend that the Motion to Dismiss be granted.

---

[1] On July 6, 2009, I entered an order setting a briefing schedule on the Government's motion to dismiss and ordered Andries to respond by August 3, 2009.  (Doc. 8.)  On August 3, 2009, Andries filed a document entitled "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," which was entered into the docket as an Amended Petition.  (Doc. 9.)  On August 5, 2009, the Government filed a response, urging that this document be construed as a motion for leave to amend the petition and be denied for failure to comply with Federal Rule of Civil Procedure 15(a) and for futility of the proposed amendment.  (Doc. 10.)  In the August 3 document, Andries does not raise any new claims; rather, he builds on his assertion that his detention is illegal because he is not subject to removal proceedings by arguing principles of collateral estoppel and res judicata.  I find that this document is more appropriately construed as a response to the Government's motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

Andries claims to have entered the United States in 1974.  (Doc. 1 at 2.)  He was convicted of marijuana-related drug offenses in 1978 and 1982.  (Doc. 7 Exs. 3, 4.)  He became a legal permanent resident in 1990.  (Doc. 7 Ex. 2 at 2.)  In October of 2008 he was arrested for driving while intoxicated and turned over to immigration authorities.  (*Id.*)  He has been in the custody of ICE since October 2008.

An Immigration Judge (IJ) held a bond hearing on February 11, 2009 and denied bond. (Doc. 7 Ex. 7.)  Andries filed this petition on June 4, 2009.  (Doc. 1.)  On June 19, 2009 an IJ issued a final order of removal.  (Doc. 7 Ex. 1.)  Andries reserved the right to appeal the order of removal but there is no evidence in the record that he has done so.  (*See id.*)

## APPLICABLE LAW

Andries's motion is styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his detention.  While Andries argues that he is not subject to the mandatory detention provision of 8 U.S.C. § 1226(c), he also argues that he is not subject to removal proceedings at all and that his detention is illegal on this basis as well.  The Government interprets this second argument as a challenge to the final order of removal.  Andries is not currently detained pursuant to § 1226(c) so his argument regarding mandatory detention is without merit.  Similarly, because his argument regarding the removal proceedings requires an inquiry into his removability, which this court lacks jurisdiction to make, this argument also fails.

### *Authority for Detention*

Andries maintains that he is not subject to the mandatory detention provision of § 1226(c). Section 1226(c) provides for mandatory detention of certain categories of criminal aliens following their release from incarceration.  *See* 8 U.S.C. § 1226(c).  Andries argues that, because he was not

taken into custody upon release from such an incarceration, he may not be detained pursuant to § 1226(c).[2]  In response, the Government asserts that Andries is being detained pursuant to 8 U.S.C. § 1226(a).  Section 1226(a) provides that, "[o]n warrant issued by the Attorney General, an alien may be arrested and detained" pending a determination regarding the alien's removability from the United States.  8 U.S.C. § 1226(a).  The Government does not contend, and there is no evidence that, the Attorney General issued a warrant for Andries's detention, raising questions regarding the Government's initial authority to detain Andries.[3]  However, it appears that the Government now has authority to detain Andries under 8 U.S.C. § 1231(a)(2).[4]

Since Andries filed his petition, an IJ has issued a final order of removal.  (Doc. 7 Ex.1.) When an alien is ordered removed, the government must endeavor to remove the alien from the United States within 90 days.  *See* 8 U.S.C. § 1231(a)(1).  Section 1231(a)(2) provides for detention of an alien during the removal period.  *See* 8 U.S.C. § 1231(a)(2).  The removal period begins on the latest of the following:

---

[2] Andries asserts that § 1226(c) only applies to noncitizens released from criminal incarceration on or after October 9, 1998.  While Andries does not provide any basis for this date, it appears that Andries is applying the Transition Period Custody Rules, which suspended the operation of the 1996 amendments to § 1226(c) until October 9, 1998.  *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104-208, § 303(b)(3), 110 Stat. 3009 (Sept. 30, 1996) (codified at 8 U.S.C. § 1226); *see also Waffi v. Loiselle*, 527 F. Supp. 2d 480, 487 n.5 (E.D. Va. 2007).  Because I conclude that Andries is not currently detained pursuant to § 1226(c), the date is not important.

[3] References to the Attorney General are read as references to the Secretary of Homeland Security. *See United States v. Rios-Zamora*, 153 F. App'x 517, 520-21 (10th Cir. 2005).  The Government indicates that the Department of Homeland Security served Andries with a Notice to Appear.  This is not the same as a warrant for arrest and detention.  *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) (noting that the Attorney General "may issue a warrant of arrest concurrently with the notice to appear").

[4] In its reply brief, the Government notes that between the time of the initial petition and the filing of the Government's motion to dismiss, an IJ entered a final order of removal.  The Government states that, because Andries reserved a right of appeal from the order of removal, it is unclear whether the order of removal has become administratively final, but if the order has become administratively final, Andries's detention is mandatory pursuant to 8 U.S.C. § 1231(a)(2).  (Doc. 10 at 3 n.1.)

3

(i)  The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  Because there is no evidence that Andries sought proper judicial review of the IJ's final order of removal, it appears that the removal period in this case began on the date the order became administratively final.[5]

An order of removal may become final in a variety of ways, including "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time."  8 C.F.R. § 1241.1.  In Andries's case, the order of removal indicates that Andries reserved the right to appeal the IJ's decision and that the appeal was due by July 20, 2009.  (Doc. 7 Ex. 1.); *see also* 8 CFR § 1003.38 (providing that an alien must file a notice of appeal within thirty days of entry of the IJ's oral decision or mailing of the IJ's written decision).  There is no evidence that Andries has appealed the IJ's removal determination.  Accordingly, the order of removal is administratively final, the removal period has begun to run, and the Government currently has authority to detain Andries pursuant to 8 U.S.C. § 1231(a)(2).   "To the extent that [Andries] previously may have had a cognizable due process argument under § 236, that claim has been rendered moot."[6]  *Wang v. Ashcroft*, 320 F.3d 130, 147 (2nd Cir. 2003).

---

[5] To the extent Andries is seeking judicial review of the removal order, this court lacks jurisdiction to undertake such review, as discussed below.

[6] Similarly, to the extent that Andries challenges the IJ's bond determination under § 1226(a), the claim is also moot given the Government's authority to detain pursuant to § 1231(a)(2).

4

Because the progression of removal proceedings has altered the basis for the Government's authority to detain Andries, and the Government only alludes to this in a footnote in a document to which Andries has not had the opportunity to respond, I will allow the parties additional time to file objections to this PFRD.  Objections must be filed by September 30, 2009.

***Authority for Removal***

Andries also asserts that he is not subject to removal so his mandatory detention in connection with removal proceedings is illegal.  Specifically, he maintains that in 1988 he was granted a waiver under INA § 212(c) and in 1990 he became a legal permanent resident, which implies that immigration officials have already considered his marijuana-related drug convictions. He claims that he has not committed any other deportable offenses since receiving the waiver so he should not be placed in removal proceedings and should not be detained in connection therewith.

Andries's argument requires an inquiry into his removability that this court lacks jurisdiction to make.  *See* 8 U.S.C. § 1252(a)(5) (establishing a petition for review to an appellate court as the sole means of judicial review of most orders of removal); *see also Schmitt v. Maurer*, 451 F.3d 1092, 1094 (10th Cir. 2006).  Although the Tenth Circuit has allowed, under 28 U.S.C. § 1631, a district court to transfer an improper habeas petition to the circuit to be treated as a petition for judicial review, that would not be proper here.  *See Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1162 (10th Cir. 2003).  Section 1631 allows for such a transfer in the interest of justice "to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.  Transfer would be improper because Andries could not have brought a petition for review in the Tenth Circuit at the time he filed his petition for a writ of habeas corpus as a determination of removability had not yet been made.  Thus, Andries's argument that his detention is illegal on the ground that he is not subject to removal proceedings must fail.

5

### RECOMMENDED DISPOSITION

For the reasons stated above, I recommend that Respondent's Motion to Dismiss be granted and that CV 09-0565 JB/WPL be dismissed with prejudice.  The parties must file any objections to this PFRD by September 30, 2009.

---

**THE PARTIES ARE NOTIFIED THAT a party must file any objections with the Clerk of the District Court by September 30, 2009 if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

---

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE